# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MAGERMAN, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | NO.   17-cv-3490 |
| | : | |
| ROBERT MERCER, | : | |
|     Defendant. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                                                  February 2, 2018

Pending before the Court is Defendant's Motion for Rule 11 Sanctions (ECF No. 15), Plaintiff's Memorandum of Law in Opposition thereto (ECF No. 17), Defendant's Reply (ECF No. 20), and Plaintiff's Sur-Reply (ECF No. 23).[1] The instant matter was referred to this Court by the Honorable C. Darnell Jones, for disposition. (Order, ECF No. 18). For the following reasons, Defendant's Motion for Rule 11 Sanctions (ECF No. 15) will be **DENIED WITHOUT PREJUDICE**. Plaintiff's request for fees and expenses is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

David Magerman ("Plaintiff") avers that he was employed by Renaissance Technologies LLC, of which Robert Mercer ("Defendant") is co-Chief Executive Officer, for approximately twenty-two years. (Compl. ¶¶ 6-9, ECF No. 1). Plaintiff alleges that on January 16, 2017, Defendant "made a series of racist comments" to Plaintiff, and Plaintiff reported this

---

[1] Because Defendant only seeks admonishment and fees (Reply 3 n.4, 27), and because the Court concludes that relief should not be granted, I will treat the Motion for Sanctions as a non-dispositive motion. *See Leonard v. Stemtech Int'l, Inc.*, No. 12-86, 2012 WL 3655512, at *1 n.1 (D. Del. Aug. 24, 2012), *report and recommendation adopted*, No. 12-86, 2012 WL 4591453 (D. Del. Sept. 28, 2012) (noting a lack of uniformity among the Circuits about whether a motion for sanctions under Rule 11 is a case-dispositive motion, and treating a motion for sanctions as non-dispositive when defendant only sought monetary sanctions, and the Court denied relief).

conversation to Peter Brown, co-Chief Executive Officer. (*Id*. ¶¶ 33, 35, 39). Plaintiff claims that Defendant then confronted Plaintiff, saying, "I heard you're going around saying I'm a white supremacist," and the two "rehash[ed]" their prior conversation, during which time Defendant repeated many of the same views. (*Id*. ¶¶ 42-48).

Thereafter, Plaintiff gave an interview to a reporter for the *Wall Street Journal*, during which he "criticized President Trump and [Defendant's] support for the President's agenda." (*Id*. ¶ 60). Plaintiff avers that Defendant learned of this interview and made efforts to "sabotage [him] and silence his opinions" by communicating false information about Plaintiff to John Gasthalter, a public relations representative of Renaissance. (*Id*. ¶¶ 62-65). Plaintiff states that Gasthalter called the *Wall Street Journal* and made false accusations about Plaintiff and threatened to cut off the reporter from information from Renaissance if he published the article. (*Id*. ¶¶ 62-65). The article was published on February 23, 2017. (Id. ¶ 65).

Plaintiff was suspended from Renaissance the next day. (*Id*. ¶ 66). Plaintiff states that during his suspension, he informed his immediate supervisors "that public awareness of [Defendant's] views, combined with the lack of minorities in the company would damage Renaissance from an EEO perspective." (*Id*. ¶ 71). He believes his supervisors reported these conversations to senior management, and that the information was conveyed to Defendant. (*Id*.).

After a confrontation with Defendant's daughter that occurred on or around April 20, 2017, Plaintiff was fired from Renaissance on April 29, 2017. (*Id*. ¶¶ 73-75). Plaintiff avers that he was fired "at the direction of [Defendant] and in further retaliation for [Plaintiff's] criticisms of [Defendant's] political activities and the causes he supports[.]" (*Id*. ¶ 75).

Plaintiff initiated this litigation on August 3, 2017. (Compl., ECF No. 1). Plaintiff asserts two claims in the Complaint: violation of 42 U.S.C. § 1981 (Count 1) and wrongful

discharge (Count 2).[2] (*Id.*).

On August 14, 2017, pursuant to Rule 11's safe harbor provision,[3] Defendant sent a letter to Plaintiff's counsel, "demand[ing] that [Plaintiff] withdraw [the] offending Complaint against [Defendant]" and noting that the case should be dismissed with prejudice. (Exhibit B to Mem. in Opposition, ECF No. 17-1). Defendant also provided a copy of the instant Motion for Sanctions and accompanying memorandum to Plaintiff's counsel. (*Id.*; Mot. for Sanctions 1, ECF No. 15; Def.'s Mem. of Law 18, ECF No. 15-1).

On September 5, 2017, Defendant filed a Motion to Compel Arbitration and Dismiss, seeking to "compel arbitration of all claims and dismiss the case, or alternatively, to dismiss the case on the merits." (ECF No. 11).

Plaintiff's counsel sent Defendant a letter on September 8, 2017, in response to Defendant's August 14 letter, "set[ting] forth numerous reasons why it would be inappropriate for [Defendant] to file the Motion [for Sanctions]." (Mem. in Opposition 10, ECF No. 17). That same day, Defendant filed the instant Motion for Sanctions, alleging the Complaint "violates Rule 11(b)(2)'s bar on frivolous legal claims and contentions and violates Rule 11(b)(1)'s ban on filing a complaint for 'any improper purpose,' including harassment." (Mot. for Sanctions 1).

---

[2] Plaintiff subsequently filed a First Amended Complaint on September 13, 2017, asserting an additional claim: violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq*. (Ground 3). (First. Am. Compl., ECF No. 16). Defendant's Motion for Sanctions addressed the original Complaint, and therefore, this later-added claim is not at issue in the Motion for Sanctions.

[3] Rule 11 provides, "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . ." Fed. R. Civ. P. 11(c)(2). This provides for a twenty-one day grace period so a party has an opportunity to correct errors. *See Barley v. Fox Chase Cancer Center*, 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014).

On September 19, 2017, the parties entered a stipulation, approved by Judge Jones on September 26, 2017, that: (1) the claims and defenses at issue in the instant action shall be arbitrated; (2) Defendant shall withdraw his Motion to Compel Arbitration; and (3) the action shall be stayed pending the arbitration, except the Court shall retain jurisdiction to adjudicate Defendant's pending Motion for Sanctions. (Stipulation Regarding Arbitration and Order to Arbitrate and Stay this Action, ECF No. 19).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b). "If warranted, the court may award to the prevailing party the reasonable expenses, including fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

In deciding whether to impose Rule 11 sanctions, a court must assess whether the attorney's conduct was reasonable under the circumstances. *Bus. Guides, Inc. v. Chromatic Commc'ns Ents., Inc.*, 498 U.S. 533, 551 (1991); *see also Ario v. Underwriting Members of Sydicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010), *as amended*

(Dec. 7, 2010). The Third Circuit defines reasonableness as "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990)). Sanctions should be imposed only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) ("Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'").

### III. ANALYSIS

Defendant moves for sanctions under Rule 11(b)(1) and (2), arguing that Plaintiff filed this suit for an improper purpose, and that there is no reasonable basis in law for Plaintiff's claims. The Court finds that sanctions are not warranted at this time.

First, Defendant argues that Plaintiff's claims lack a legal basis because they cannot succeed under applicable law,[4] and because Plaintiff's employment agreement requires Plaintiff to bring all claims "relating to" his employment in binding arbitration. (Def.'s Mem. of Law 21-

---

[4] Specifically, Defendant argues the § 1981 claim cannot succeed because: (1) Plaintiff failed to allege that he engaged in protected activity by opposing an underlying § 1981 violation; (2) Plaintiff's allegations that Defendant ordered his suspension and termination are conclusory; and (3) Plaintiff has not plausibly alleged that the reporting of racial discrimination was the but-for cause of his suspension or termination. (Def.'s Mem. of Law 21-34). Defendant argues the wrongful discharge claim must fail because: (1) Plaintiff agreed to be bound by New York law, so a claim brought under Pennsylvania law is "fatally flawed"; (2) there is no public policy exception for wrongful termination by private employers based on alleged burdens on freedom of speech; and (3) the complaint admits plausible and legitimate reasons for terminating Plaintiff's employment. (*Id*. at 34-40).

45).  Though the Court makes no qualitative assessment of the merits of Plaintiff's case, the Court is not persuaded that this suit is so frivolous as to warrant sanctions at this early juncture. *Cf. Gress v. PNC Bank*, No. 99-2028, 2001 WL 484171, slip op. at *2 (E.D. Pa. Mar. 31, 2001). Plaintiff has not engaged in the egregious behavior often exhibited when sanctions are imposed for the mere filing of a complaint.  *See, e.g.*, *Balthazar v. Atlantic City Med. Center*, 137 F. App'x 482, 490 (3d Cir. 2005) (sanctions warranted for filing proposed amended complaint when allegations were almost identical to claims previously rejected by state court and previously dismissed by the District Court); *Lai v. Wei*, No. 07-179, 2007 WL 1963331, at *5 (D.N.J. June 29, 2007) (plaintiff violated Rule 11(b)(2) when she was on notice that claims were futile and nonetheless filed action); *Lal v. Borough of Kennett Square*, 935 F. Supp. 570, 576-77 (E.D. Pa. 1996) (complaint and amended complaint violated Rule 11(b)(2) when "obvious and well-settled" defenses clearly and definitively barred plaintiff's claims).

Defendant also argues Plaintiff filed this suit "for the 'improper purpose[s]' of garnering publicity for his own political views and harassing [Defendant] and Renaissance[ ]" and to "circumvent his contractual obligations."  (Def.'s Mem. of Law 45-47).  Defendant's allegations of improper purpose are based on speculation and conclusory allegations.  This is not enough to establish that sanctions are warranted.  *See Danow v. Law Office of David E. Borack, P.A.*, No. 05-61562, 2008 WL 11331716, at *2 (S.D. Fla. Jan. 22, 2008) (denying motion for sanctions when arguments in support thereof were based on speculation); *Bryan v. PEPCO*, 276 F.R.D. 386, 388 (D.D.C. 2011) (same).  While Plaintiff has engaged in some public behavior, this behavior, in itself, is not enough to demonstrate that Plaintiff had an improper purpose.  *See Flaherty v. Torquato*, 623 F. Supp. 55, 59-60 (W.D. Pa. 1985), *aff'd*, 800 F.2d 1133 (3d Cir. 1986) (denying motion for sanctions based on improper purpose when plaintiff conducted a news

conference after complaint was filed). Moreover, the Complaint alleges that Plaintiff suffered actual harm. (*See* Compl. ¶ 100) ("As a direct and proximate result of [Defendant's] wrongful discharge of [Plaintiff], [Plaintiff] incurred and continues to incur significant damages in the form of lost compensation and emotional and physical distress."). This allegation, if substantiated with evidence, potentially negates the contention that the suit was filed solely for improper purpose.

Rule 11 sanctions are "normally . . . determined at the end of litigation"; thus, the Court will deny the Motion for Sanction without prejudice. *Asch Webhosting, Inc. v. Adelphia Bus. Sols. Inv., LLC*, No. 04-2593, 2006 WL 1098235, at *16 (D.N.J. Mar. 31, 2006) (quoting *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998)).[5]

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Rule 11 Sanctions will be DENIED WITHOUT PREJUDICE. Plaintiff's request for fees and expenses is DENIED WITHOUT PREJUDICE.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff requests fees and expenses incurred in responding to Defendant's Motion for Sanctions, pursuant to Rule 11(c)(2). (Mem. in Opposition 55-56). Given that the Motion for Sanctions is denied without prejudice, an award of fees and expenses at this early juncture is similarly unwarranted. *See Evans v. Chichester Sch. Dist.*, No. 07-0072, 2008 WL 4610240, at *5 n.8 (E.D. pa. Oct. 15, 2008) ("The Court is not required to award attorney fees under Rule 11(c)(2).").